IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DARA LOPEZ**,

    Plaintiff,

v.

**BIOTRONIK, INC.**,

    Defendant.

Case No. 3:21-cv-1868-JR

**ORDER**

**Michael H. Simon, District Judge.**

    United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation in this case on December 20, 2022, ECF 25. Judge Russo recommended that this Court grant Defendant's motion to compel arbitration and dismiss this case.

    Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

    For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to

PAGE 1 – ORDER

require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection, ECF 29, to which Defendant responded, ECF 30. Plaintiff objects to only one portion of Judge Russo's recommendation: Plaintiff requests that upon referring the case to arbitration, the Court stay the case instead of dismissing it.

Plaintiff argues that under the Federal Arbitration Act, the Court must stay rather than dismiss the case. *See* 9 U.S.C. § 3.[1] In the Ninth Circuit, however, a court has discretion to dismiss, as opposed to merely staying the action, when all the issues in the matter are subject to arbitration. *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1073-74 (9th Cir. 2014) ("We have held that, notwithstanding the language of § 3, a district court may either stay the action or dismiss it outright when, as here, the court determines that all of the claims raised in the action are subject to arbitration." (citing *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 637-38 (9th Cir. 1988)). Several other circuits agree that dismissal is a proper resolution when all of the claims presented face arbitration. *See, e.g.*, *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort,*

---

[1] "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement* . . . ." 9 U.S.C. § 3 (emphasis added).

*Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001); *Bercovitch v. Baldwin Sch., Inc.*, 133 F.3d 141, 156 n.21 (1st Cir. 1998); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992); *see also* Alessandra Rose Johnson, Note, *Oh, Won't You Stay with Me?: Determining Whether § 3 of the FAA Requires a Stay in Light of* Katz v. Cellco Partnership, 84 Fordham L. Rev. 2261, 2271-83 (2016) (cataloguing the circuit split over whether courts may use their discretion to dismiss an action pending arbitration).

In this case, no party objects to Judge Russo's finding that all claims raised in this action are subject to arbitration. Ninth Circuit law, then, unambiguously permits the Court's discretion to grant dismissal. In cases like this, dismissal is not only permitted but also typical: "[c]ourts in this jurisdiction typically dismiss the case when all disputes are subject to arbitration." *Olson v. MBO Partners, Inc.*, 2017 WL 2726696, at *3 (D. Or. June 15, 2017) (citing cases). Plaintiff provides no reason for why the Court should depart from this common practice within the Ninth Circuit. The Court thus follows Judge Russo's recommendation and finds that, because all claims are subject to arbitration, dismissal is proper.

For those portions of Judge Russo's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court ADOPTS Judge Russo's Findings and Recommendation, ECF 26. The Court GRANTS Defendant's Motion to Compel Arbitration, ECF 9, and DISMISSES this action.

**IT IS SO ORDERED.**

DATED this 6th day of February, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge